```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

UNITED STATES OF AMERICA      :
                              :      CRIMINAL ACTION
         v.                   :
                              :      NO. 1:06-CR-147-CC
SYED HARIS AHMED and          :
EHSANUL ISLAM SADEQUEE        :      (SUPERSEDING)
```

**PROTECTIVE ORDER FOR CLASSIFIED MATERIALS**

This matter is before the Court upon the Government's motion for a protective order to prevent the unauthorized disclosure or dissemination of classified national security information and sensitive documents which will be reviewed by or made available to, or are otherwise in the possession of, the Defendants and/or their counsel in this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"); the Security Procedures Established Pursuant To Pub. L. 96-456, 94 Stat. 2025, By The Chief Justice Of The United States For The Protection Of Classified Information (reprinted following Section 9 of CIPA) ("Security Procedures"); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security

THE COURT HEREBY FINDS AND ORDERS:

1.   This case will involve classified national security information, the storage, handling and control of which, by law or

regulation, require special security precautions, and access to which requires a security clearance and an actual need to know.

2. The purpose of this Order is to establish the procedures that must be followed by Defendants, defense counsel, other counsel involved in this case, persons assisting defense counsel, other Court personnel, and all other individuals who are granted access to classified information or documents in connection with this case. It is a further purpose of this Order to ensure that those authorized by the Order to receive classified information do not divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information, except in conformity with this Order or with prior written authorization from the originating agency.

3. The procedures set forth in this Protective Order and in CIPA will apply to all pretrial, trial, post-trial and appellate matters concerning classified information in this case, and may be modified from time to time by further order of the Court acting pursuant to Fed. R. Crim. P. 16(d), CIPA, and the Court's inherent supervisory authority to ensure a fair trial.

4. The Court may refer pretrial matters involving classified information to the Magistrate Judge for review and consideration consistent with this and any other applicable orders that may be issued by the Court pursuant to CIPA or any other applicable law. In the event of a referral, this Protective Order, and any other applicable orders, shall remain in effect and binding upon each of

the parties and shall govern all proceedings that are held before the Magistrate Judge until such further order of this Court. The Magistrate Judge shall have the full authority to hear and determine any referred pretrial matter that is granted pursuant to 28 U.S.C. § 636 or any other applicable law. Because of the possibility of referrals, all references below to "the Court" shall include the Magistrate Court.

    5.   <u>Definitions</u>.  The following definitions shall apply to this Order:

        a.   The terms "classified national security information and documents," "classified documents and information," "classified information," and "classified documents" refer to:

           i.   Any document that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order 12,958, as amended, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" (SCI), and any information contained in such documents;

           ii.  Any document or information, now or formerly in the possession of a private party, which has been derived from United States Government information that was classified, regardless whether such document or information has subsequently been classified by the Government;

           iii. Verbal classified information that has been disclosed by attorneys for the Government or by a witness in a

court proceeding to the Defendants or the defense;

        iv. Any document or information, including verbal information, that the Defendants or the defense has been notified contains classified information, unless already possessed by or known to the Defendants or the defense, provided that such knowledge is not derived from materials described in subparagraph 5(a)(ii) above; or

        v. Any information, regardless of place of origin and including "foreign government information," as that term is defined in Executive Order 12,958, as amended, that could reasonably be believed to contain classified information.

        b. The words "document" and "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

        i. Papers; correspondence; memoranda; notes; letters; reports, summaries; interoffice and intra-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; telexes; cables; teletypes; telegrams; facsimiles; invoices; worksheets; and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

ii.   Graphic or oral records or representations of any kind, including, but not limited to, photographs, maps, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind and motion pictures;

iii. Electronic, mechanical, magnetic, optical or electric records of any kind, including, but not limited to, data stored on tapes, cassettes, CD-ROMS, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

iv.   Information acquired aurally.

c.   "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

d.   "Secure Area" shall mean a physical facility accredited for the storage, handling, and control of classified information.

e.   "The defense" means any person assisting the Defendants with the preparation of their defense in this case including (but not limited to) counsel for the Defendants, employees of or consultants to or contractors for defense counsel, and defense witnesses.

f.   "Attorneys for the Government," "Government counsel," and "counsel for the Government" means the attorneys listed in paragraph 10 herein and their respective supervisors.

5

g. "Originating agency" means the government agency, department or entity from which the classified document or the information contained therein originated.

6. Any document or information provided by attorneys for the Government to the Defendants or the defense referencing, mentioning, originating from, or concerning any United States intelligence or national security agency other than the FBI, or information in possession of such agency other than the FBI, shall be presumed to fall within the meaning of classified information unless and until the Court Security Officer or an attorney for the Government advises otherwise in writing.

7. All classified documents and information shall remain classified unless such document or information bears a clear indication that it has been declassified by the originating agency.

8. Information in the public domain is ordinarily not classified. However, such information may be considered classified, and therefore subject to the provisions of CIPA, if it is confirmed by any person who has had access to the classified information, and that confirmation corroborated the information in question. Any attempt by the Defendants or the defense to have such information confirmed or denied at trial, or in connection with any pretrial, post-trial or other proceeding in this case, shall be governed by CIPA and the provisions of this Order.

9. In accordance with the provisions of CIPA and the Security Procedures, the Court designates Jennifer H. Campbell as

Court Security Officer for this case and Mary M. Cradlin, Christine E. Gunning, Michael P. Macisso, Daniel O. Hartenstine, Erin E. Hogarty, James P. Londergan, John P. Molinard, Barbara J. Russell, and Joan B. Kennedy as Alternate Court Security Officers (collectively "the CSO"), for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information to be made available in connection with this case.  The defense shall seek guidance from the CSO with regard to the appropriate storage, handling, transmittal, and use of classified information.

    10.  The Court has been advised that the following Government attorneys will be working on this case: United States Attorney David E. Nahmias, Assistant United States Attorneys Katherine B. Monahan and Robert C. McBurney, and U.S. Department of Justice Trial Attorney Alexis L. Collins and Attorney Advisor Shennie Patel, along with various supervisory attorneys.  The Court has also been advised that the Government attorneys have the requisite security clearances to have access to the classified information in this case.

    11.  <u>Protection of Classified Documents and Information</u>: The Court finds that, in order to protect the classified documents and information involved in this case, no person except the attorneys for the Government; personnel of the originating agency; and appropriately-cleared Department of Justice employees, judicial personnel, members of the defense, and the Defendants (subject to

7

paragraphs 11(d) and 18(b)) shall have access to the classified documents and information in this case.

  a. Judicial personnel, other than the Court, may obtain access to classified documents or information after having been granted security clearance by the CSO.

  b. No member of the defense shall have access to any classified documents or information in this case unless that person shall first have:

    i. received approval for access to the particular classified documents or information from the Government or, should the Government reject the request, from the Court in a separate order, which shall not occur except upon a showing of a need to know the particular classified information and upon consideration of any responsive pleading from the Government;

    ii. received the necessary security clearance at the appropriate level of classification as determined by the Department of Justice Security Officer working in conjunction with the CSO; <u>and</u>

    iii. signed a Memorandum of Understanding (a form for which is attached hereto), agreeing to comply with the terms of this Order.

  c. The substitution, departure or removal of counsel for the defense or anyone associated with the defense as an employee or witness or otherwise shall not release that person from the provisions of this Order or the Memorandum of Understanding

8

executed in connection with this Order.

   d. The Defendants shall not have access to any classified documents or information in this case except pursuant to paragraph 18(b).

 12. For the purpose of establishing the security clearances necessary for access to classified documents and information that may be involved in this case, the defense counsel, all persons whose assistance the defense reasonably requires, and such Court personnel as the Court and the Magistrate Court requires for its assistance shall forthwith complete and submit to the CSO Standard Form 86 ("Security Investigation Data for Sensitive Position"), the necessary releases, and full fingerprints, unless such person already holds an appropriate security clearance and is approved for access to classified documents and information in this case. The CSO shall take all reasonable steps to process all security clearance applications in a timely manner. The CSO shall not disclose to Government attorneys any information supplied by anyone applying for security clearance pursuant to this Order.

 13. The CSO shall arrange for and maintain an appropriately approved secure area for the use of the defense. The CSO shall establish procedures to ensure that the secure area is accessible to the defense, the Defendants (if such access should be determined by the Court to be necessary and is authorized through a separate order, subject to paragraph 18(b) herein), and authorized witnesses accompanied by defense counsel during normal business hours, and at

9

other times on reasonable request as approved by the CSO. The secure area will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of a defense in this case. The CSO, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from the secure area by anyone, including the defense, unless authorized by the CSO. No person, including the defense, shall copy or reproduce any classified document or information in any form, except with the approval of the CSO or in accordance with the procedures established by the CSO for the operation of the secure area.

14. If, upon the entry of a separate order of the Court as provided in paragraph 18(b), it becomes necessary for the Defendants to discuss classified matters, review classified documents or information, or otherwise meet with defense counsel regarding classified matters, this will only occur in the Secure Area and under appropriate supervision, which the CSO will coordinate with the U.S. Marshals Service, to ensure that the Defendants do not escape, cause physical injury to themselves or others, or remove, copy, alter or destroy classified documents or information or obtain access to classified documents or information that the Defendants are not authorized to review, and to ensure

that the Defendants do not use the opportunity to review the classified materials to circumvent any applicable security restrictions and other orders of this Court governing discovery in this case.

15. <u>Filing of Papers By the Defense</u>: Any pleading or other document filed by the defense shall be filed under seal with the Court through the CSO or her designee, unless defense counsel has obtained permission from the CSO, specific to a particular non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) not containing information that is or may be classified or under seal, to file the pleading or document not under seal.  Pleadings filed under seal with the CSO shall be marked, "Filed In Camera and Under Seal with the Court Security Officer or Designee."  Such pleadings need not be accompanied by a separate motion to seal, but should include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order.  The time of physical submission to the CSO shall be considered the date and time of filing.  The CSO shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information.  If the CSO determines that the pleading or document contains classified information, she shall ensure that the portion of the document, and only that portion, is marked with the appropriate classification marking(s) and remains under seal.  All

11

portions of all papers filed by the defense that do not contain classified information shall be immediately unsealed by the CSO and placed in the public record.  The CSO shall immediately deliver under seal to the Court and attorneys for the Government any pleading or document filed by the defense that contains classified information.  The Court shall then direct the Clerk of Court to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the CSO.

    16.  <u>Filing of Papers by the Government</u>:  Any pleading or document filed by attorneys for the Government that contains classified information shall be filed under seal with the Court through the CSO or her designee.  Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer or Designee."  Such pleadings need not be accompanied by a separate motion to seal, but should include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order.  The time of physical submission to the CSO shall be considered the date and time of filing.  The CSO shall immediately deliver under seal to the Court and the defense any pleading or document filed by the Government that contains classified information, provided that the defense has proper clearance to receive the pleading or document.  The Court shall then direct the Clerk of Court to enter on the docket sheet the title of the pleading or document, the date it was filed, and

the fact that it has been filed under seal with the CSO. The Government shall subsequently file with the Clerk of Court a redacted, unclassified version of any filing that was sealed because it contained classified information.

17. <u>Sealing of Records</u>: The CSO shall maintain a separate sealed record for those pleadings or documents containing classified materials. The CSO shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

18. <u>Access to Classified Information</u>: The defense, the Defendants (if such access should be determined by the Court to be necessary and is authorized through a separate order, subject to paragraph 18(b) herein), and authorized witnesses when accompanied by defense counsel shall have access to classified documents or information only as follows:

    a. All classified documents or information produced by the Government to the defense, in discovery or otherwise, and all classified documents or information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the CSO.

    b. The defense shall have free access in the secure area to the classified documents or information made available to them in accordance with this Order, and shall be allowed to take notes and prepare documents with respect to those materials.

    c. All documents prepared by the defense (including pleadings or other documents intended for filing with the Court)

13

that contain or deal in any way with classified information shall be transcribed, recorded, typed, duplicated, copied, and otherwise prepared only by persons who have received an appropriate approval for access to classified information, and only in the secure area on approved word processing and data handling equipment, and in accordance with the procedures approved by the CSO.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, and exhibits) containing classified information shall be maintained in the secure area unless and until the CSO determines that those documents or associated materials are unclassified in their entirety.  None of these materials shall be disclosed to counsel for the Government.

      d.  The defense shall discuss classified documents or information only within the secure area or in another area authorized by the CSO, and shall not discuss or attempt to discuss classified information over any standard commercial telecommunications system or office communication system, including, but not limited to, by facsimile and over the internet.

      e.  The CSO shall not reveal to the Government the content of any conversation she may hear among the defense, reveal the nature of the documents being reviewed by them, or the work generated by them.  In addition, the presence of the CSO shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

19. <u>Disclosure of Classified Information</u>: The defense shall not disclose, without prior approval of the Court, any classified document or information to any person not authorized pursuant to this Order, <u>except for</u> the Court or those Court personnel, representatives of the originating agency, or attorneys for the Government who have been identified by the CSO as having the appropriate clearances and the need-to-know and in accordance with the procedures of CIPA and the procedures established by the CSO. Counsel for the Government shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court a Memorandum of Understanding in the form attached to this Order, and to comply with all terms and conditions of this Order. If preparation of the defense requires that classified documents or information be disclosed to a person not named in this Order, the CSO shall promptly seek to obtain a security clearance for such person at the request of defense counsel.

    a. The defense shall not discuss classified documents or information in the presence of any person who has not been granted access by the Court to such classified documents or information.

    b. The defense shall not disclose classified documents or information to either of the Defendants without prior

15

concurrence of counsel for the Government or, absent such concurrence, an order of the Court, which shall not occur except upon a showing of a need to know the particular classified document or information. Counsel for the Government shall be given an opportunity to be heard in response to any defense request for disclosure to the Defendants of any classified document or information.

   c. Procedures for the use or the public disclosure of classified information shall be those provided in Sections 5, 6 and 8 of CIPA. These provisions, and this Order, require that:

   i. Any and all items which are classified that the defense seeks to use or publicly disclose shall be listed in the Defendants' Section 5 notices.

   ii. To facilitate the filing of notices required under Section 5 of CIPA, the CSO shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or the Defendants or about which the defense or the Defendants have knowledge and which the defense intends to use in any way at any pretrial proceeding, deposition, trial or post-trial or other proceeding. Nothing submitted by the defense to the CSO pursuant to this paragraph shall be made available to counsel for the Government unless so ordered by the Court or so designated by the defense.

16

20.  Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court relating to the disclosure of classified information, the Foreign Intelligence Surveillance Act (FISA) shall govern the disclosure or discovery of materials in connection with any FISA-related litigation, including but not limited to any FISA applications, orders or related materials.

21.  Any unauthorized use or disclosure of classified information may constitute a violation of United States criminal law.  In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of the Court and possible referral for criminal prosecution.  Any breach of this Order may also result in the termination of the person's access to classified documents and information.  Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States and may be used to the advantage of a foreign power against the interests of the United States.

22.  All classified documents and information to which the defense or the Defendants have access in this case are now and forever remain the property of the Government.  Any member of the defense, here including the Defendants, who receives classified

17

documents or information shall return all such documents and information in their possession or for which they are responsible, upon demand of the CSO.  Any notes, summaries, or other documents prepared by the defense or the Defendants that contain classified information shall remain at all times in the custody of the CSO for the duration of this case.  All such notes, summaries, and other documents shall be destroyed by the CSO in the presence of defense counsel, should they choose to be present, (a) one year after the judgment in this case is final or (b) at the conclusion of litigation of any motion filed pursuant to 28 U.S.C. § 2255, if said motion was filed within one year after the judgment became final, whichever event is later.

23.  A copy of this Order shall be issued forthwith to the attorneys for the Government, the CSO, the Defendants and counsel of record for the Defendants.  Counsel for the defense shall be responsible for advising the Defendants and any other member of the defense who should be made aware of the contents of this Order.  The Defendants, counsel for the Defendants and any other individuals who will be provided access to classified documents or information pursuant to this Order shall execute the Memorandum of Understanding in the form attached hereto.  Counsel for the Defendants shall file executed originals of such documents with the Court, and serve copies of executed originals of such documents upon the CSO and the Government.  The execution and filing of the Memorandum of Understanding is a condition precedent for the

18

Defendants, any member of the defense or any other individual to have access to classified information.

24.  The Court may amend this Protective Order and/or issue additional Protective Orders as needed.

SO ORDERED this ____ day of September, 2006.

_____
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

_____
Submitted by
/s/Robert C.I. McBurney, AUSA