IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CRIMINAL ACTION FILE NO. |
| v. | : | 1:06-CR-147-CC-GWB |
| | : | |
| SYED HARIS AHMED | : | |
| EHSANUL ISLAM SADEQUEE | : | MAGISTRATE JUDGE GERRILYN BRILL |
| | : | |
| Defendant. | : | |

**MOTION TO DISMISS COUNTS THREE AND FOUR OF THE INDICTMENT ON THE GROUNDS THAT 18 U.S.C. §2339B ON ITS FACE AND AS APPLIED TO THIS CASE IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD WITH INCORPORATED AUTHORITY**

Defendant Syed Haris Ahmed, by and through his undersigned counsel, hereby moves the Court to dismiss Counts Three and Four of the Indictment on the grounds of vagueness and overbreadth, in violation of the Defendant's rights under the First and Fifth Amendments to the United States Constitution.

-1-

Counts Three and Four of the Indictment charge violations of 18 U.S.C. §2339B(a) for allegedly conspiring and attempting to provide material support to a designated foreign terrorist organization.

-2-

The specific conspiracy to provide material support charged in Count Three is an alleged agreement "to provide personnel, including one or both of the defendants, to work under the

direction or control of Lashkar-e-Tayyiba, a designated foreign terrorist organization, knowing that Lashkar-e-Tayyiba is engaged in terrorist activity and terrorism."

-3-

The specific attempt to provide material support alleged in Count Four is an attempt "to provide personnel, including Defendant Ahmed, to work under the direction or control of Lashkar-e-Tayyiba, a designated foreign terrorist organization, knowing that Lashkar-e-Tayyiba has engaged or engages in terrorist activity and terrorism."

-4-

18 U.S.C. §2339B(a)(1) makes it a crime whenever a person "knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so."

-5-

18 U.S.C. §2339A(b)(1) defines "material support or resources" to include "personnel (1 or more individuals who may be or include oneself)."

-6-

While 18 U.S.C. §2339A(a) makes it a crime to provide "material support or resources knowing or intending they are to be used in preparation for, or in carrying out," a number of specific federal crimes, 18 U.S.C. §2339B(a) makes it a crime when someone simply "knowingly provides material support or

resources to a foreign terrorist organization," which would include "personnel," as defined by §2339A(b)(1).

-7-

18 U.S.C. §2339B was amended in 2004 to add a new subsection (h), which provides:

> "(h) <u>Provision of personnel</u>.—No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control."

-8-

However, even with the addition of §2339B(h), the crime defined in §2339B(a)(1) is still not tied to any particular criminal act, continues to be ill-defined and can include constitutionally protected speech and activity.

-9-

Accordingly, 18 U.S.C. §2339B, both on its face and as applied to this case, is unconstitutionally vague and overbroad.

-10-

The terms of a criminal statute must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.  Connally v. General Construction Co., 269 U.S. 385, 391 (1926). Therefore, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates . . . due process of law."  Id.; see also United States v. Wunsch, 84 F.3d 1110, 1119 (9th Cir. 1996). Accordingly, "[a] statute is void for vagueness when it does not sufficiently identify the conduct that is prohibited." Humanitarian Law Project v. Reno, 9 F.Supp.2d 1176, 1201 (C.D. Cal. 1998) (HLP I), Humanitarian Law Project v. Reno (HLP II), 205 F.3d 1130 (9th Cir. 2000); Humanitarian Law Project v. U.S. Dept. of Justice, 352 F.3d 382, 403 (9th Cir. 2003) (HLP III) (quoting Foti v. City of Menlo Park, 146 F.3d 629, 638 (9th Cir. 1998)) ("it is 'a fundamental requirement of due process ... that a statute must clearly delineate the conduct it proscribes'"); but, see, Humanitarian Law Project v. U. S. Dept. of Justice, 393 F.3d 902 (9th Cir. 2004)(HLP IV); Humanitarian Law Project v. Gonzalez, 380 F.Supp. 2d 1134 (C.D.Cal. 2005)(HLP V).

-11-

The Supreme Court in <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108-09 (1972), identified three core problems with vague laws:

> [V]ague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an <u>ad</u> <u>hoc</u> and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute abuts upon sensitive areas of basic First Amendment freedoms, it operates to inhibit the exercise of those freedoms. Uncertain meanings inevitably lead citizens to steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked.

(Internal citations, quotations, and footnotes omitted).

-12-

Accordingly, the Supreme Court has frequently ruled that a statute is void for vagueness under the Due Process Clause of the Fifth Amendment if it fails to provide a person of ordinary intelligence fair notice of what it proscribes. <u>See</u>, <u>Colautti</u>

v. Franklin, 439 U.S. 379, 390 (1979); United States v. Harriss,

347 U.S. 612, 618 (1954).

-13-

Within the context of § 2339A(b)'s definition of "material

support or resources," a panel of the Ninth Circuit emphasized

the vagueness doctrine's notice requirement:

> "The key concern underlying the due process
> requirement for clarity in criminal statutes
> is fair notice: 'It is impermissible to
> define a criminal offense so vaguely that an
> ordinary person is left guessing about what
> is prohibited and what is not.  Notice that
> does not provide a meaningful understanding
> of what conduct is prohibited is vague and
> unenforceable.'"

HLP III, 352 F.3d at 403, n.15 [quoting Free Speech Coalition v.

Reno, 198 F.3d 1083, 1095 (9th Cir. 1999)].

-14-

As noted in Grayned, the doctrine is also concerned with

statutes that are so vague as to allow for arbitrary and

discriminatory law enforcement.  Not only has the Supreme Court

found such laws to be unconstitutionally vague, see, e.g.,

Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972),

but it has suggested that this justification in voiding such

statutes is the more important purpose under the vagueness

doctrine.  Smith v. Goguen, 415 U.S. 566, 574 (1974) ("perhaps

the most meaningful aspect of the vagueness doctrine is not

actual notice, but the other principal element of the doctrine –

the requirement that a legislature establish minimal guidelines to govern law enforcement").

-15-

Of course, the vagueness doctrine is also concerned with statutes so vague that they improperly intrude into protected activities.

> "When a statute criminalizes activity safeguarded by the First Amendment, we are concerned with the danger of tolerating, in the area of First Amendment freedoms, the existence of a penal statute susceptible of sweeping and improper application. We thus review criminal statues impinging on First Amendment rights with strict scrutiny because: These freedoms are delicate as well as supremely precious in our society. The threat of sanctions may deter their exercise almost as potently as the actual application of sanctions. Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity."

HLP III, 352 F.3d at 403-04 (internal citations and quotations omitted). See also, NAACP v. Button, 371 U.S. 415, 432-33 (1963).

-16-

Thus, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and

discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983).

-17-

The first step in analyzing a facial challenge to the overbreadth and vagueness of a law is to determine whether the statute "reaches a substantial amount of constitutionally protected conduct." Vlasak v. Superior Court of California, 329 F.3d 683, 688 (9th Cir. 2003). If it does, the statute is overbroad, and may not be enforced "until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." Broadrick v. Oklahoma, 413 U.S. 601, 613 (1973). The doctrine has been invoked, in among other situations, when a statute criminalizes speech protected by the First Amendment, Broadrick, 413 U.S. at 613 (quoting Gooding v. Wilson, 405 U.S. 518, 520 (1972)), innocent associations, e.g., Keyishian v. Bd. of Regents, 385 U.S. 589 (1967), as well as laws which allow for arbitrary enforcement. E.g., Papachristou, 405 U.S. at 162.

-18-

Sections §§2339A & B run afoul of the First Amendment overbreadth doctrine. As the Supreme Court has explained, "[u]nder the First Amendment overbreadth doctrine, an individual whose own speech or conduct may be prohibited is permitted to challenge a statute on its face 'because it also threatens

others not before the court – those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid.'" Bd. of Airport Comm'rs of City of Los Angeles v. Jews for Jesus, 482 U.S. 569, 574 (1987) (quoting Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 503 (1985).

-19-

The 2004 amendment of §2339B, by adding subsection (h), was an attempt to correct the statute's vagueness and overbreadth problems in making it a crime to provide "personnel" (or to conspire or attempt to provide "personnel") to a designated terrorist organization, identified in HLP I, II, and III, and was held to be a sufficient solution by the District Court in HLP V. However, the limiting definition did not in fact correct the perceived problems. For example, a person could merely advocate philosophical goals of the organization "under its direction", such as the claimed right of Kashmir for independence from India, protected First Amendment speech, or associate with others in promoting this idea, and still be subject to criminal prosecution under §2339B. The problems of vagueness and overbreadth persist.

-20-

Discovery is just beginning and "classified" discovery will not be provided until next year. Therefore, to the extent that

the Defendant raises an "as applied" challenge to Counts Three and Four, the Defendant may supplement this Motion based on discovery. The Defendant files his Motion now to ensure that his challenge is timely filed.

WHEREFORE, for the reasons stated above, Defendant Ahmed, through his appointed counsel, moves the Court to dismiss Counts Three and  Four in violation of the First and Fifth Amendments.

This 2nd day of October, 2006.

Respectfully submitted,

s/John R. Martin
JOHN R. MARTIN
jack@martinbroslaw.com
Ga. Bar No. 473325

MARTIN BROTHERS, P.C.
202 The Grant Building
44 Broad Street, N.W.
Atlanta, GA  30303
(404) 522-0400

Counsel for Defendant
Syed Haris Ahmed

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will be electronically notified to all counsel of record and is available for viewing and downloading from the Court's CM/ECF system by all counsel of record.


s/John R. Martin
JOHN R. MARTIN