IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

SYED HARIS AHMED,
EHSANUL ISLAM SADEQUEE,

               Defendants.

1:06-cr-0147-WSD-GGB

## OPINION AND ORDER

The matter is before the Court on the Government's Motion for In Camera Review Classified Hearings [411, 413, 415, 417], on the Defendants' Joint Notice of Intent to Seek Declassification [385] and the Government's Motions to Strike the Defendants' Joint Notice of Intent [390, 392, 394, 396], on the CIPA Section 5 Notices filed by Defendant Ahmed [420] and Defendant Sadequee [422], and on the Government's responses to the Defendants' CIPA Section 5 Notices [436, 437].

The Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, provides for the protection and use of classified information in criminal proceedings. Section 5 of CIPA requires a criminal defendant to notify the United

States if he "reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant . . . ." 18 U.S.C. App. III § 5(a). "Whenever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information." Id.

Section 6 of CIPA permits the United States to request that the Court conduct a hearing to make all determinations concerning the use, relevance, and admissibility of classified information the Government or the defense intends to introduce in trial or pretrial proceedings. 18 U.S.C. App. III § 6(a). "Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information." Id.[1] The Court must set forth in writing its determination as to the use, relevance, and admissibility of each item of classified

---
[1] The Government filed classified and unclassified motions requesting that the Court conduct an in camera hearing on the Government's CIPA Section 6 motions, attaching a declaration of the Deputy Attorney General stating that a public proceeding may result in the disclosure of classified information and would cause identifiable damage to the national security of the United States [411, 413, 415, 417]. 18 U.S.C. App. III § 6(c)(2).

2

information at issue.  Id.  Before a CIPA Section 6(a) hearing on use, relevance, and admissibility, the Government must provide the defense with notice of the specific classified information at issue.  Id. § 6(b)(1).

Upon a determination by the Court authorizing disclosure of specific classified information pursuant to CIPA Section 6(a), the Government may move that instead of disclosure, the Court order the substitution for classified information of a statement admitting facts the classified information would tend to prove or of a summary of the specific classified information.  Id. § 6(c)(1).  The Court must grant the Government's substitution motion if it finds the "statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  Id.  The Court considers whether use of the substitution rather than the original documents will "materially disadvantage the defendant."  Untied States v. Moussaoui, 382 F.3d 453, 477 (4th Cir. 2004).  The purpose of a CIPA Section 6(c) substitution is to protect classified information vital to the national security of the United States while placing the defendant in, as nearly as possible, the same position he would have been in if the classified information were available to him.  Id.

On March 30, 2009, the Court held a closed, in camera hearing to consider unclassified substitutions proposed by the Government for nineteen (19) separate

pieces of classified evidence the Government intends to introduce at trial. See Gov't.'s Exhs. 1-19 ("Substitutions 1-19") to Gov't.'s Second Classified Motion for Approval of Substitutions [414, 416]. On March 31, 2009, the Court granted the Government's Classified and Unclassified Second Motions for Substitutions [410, 412, 414, 416]. The Court also granted the Government's initial Classified and Unclassified Motions for *In Camera* Classified Hearings, to determine the use, relevance, and admissibility of the Government's proposed substitutions, pursuant to CIPA Section 6(a) [411, 413, 415, 417].

On February 16, 2009, the Defendants filed a Joint Notice of Intent to Seek Declassification of Documents Pursuant to CIPA Section 5 [385]. The Government moved to strike the Defendants' Joint Filing as being improper under CIPA Section 5 [390, 392, 394, 396].

On March 30, 2009, defendant Ahmed filed a second amended CIPA Section 5 Notice stating that he reasonably expected to disclose at trial classified information numbered in range CLS-A-000001 to CLS-A-000021 [420].

On April 2, 2009, defendant Sadequee filed a separate amended CIPA Section 5 notice stating that he reasonably expected to disclose at trial the classified materials marked as CLS-2S-00126-127 and E7-2-15; 17-28; 30-32; 139-144; 161-162; 165; 200-201; 288-292; 303-306; 315; 470; 472-477; 525-538

[422]. The Government responded to these amended CIPA Section 5 Notices [434, 435, 436, 437, 466, 467].

The Court originally had scheduled a closed in camera hearing regarding the use, relevance, and admissibility of classified information proposed to be disclosed by the Government and the Defendants. The Parties made the Court aware that due to stipulations they had reached, a formal CIPA Section 6 hearing would not be necessary.

On May 13, 2009, the Court held a closed in camera conference with counsel in this case for the purpose of discussing CIPA evidence and substitutions. The parties advised the Court that they had reached stipulations as to the authenticity of the Government's Substitutions 1-19, which previously were approved in the Court's March 31, 2009 Order. The Government thereby withdrew its motions for an in camera hearing pursuant to CIPA Section 6(a) to consider the use, relevance, and admissibility of those substitutions.

The parties also advised the Court that the Government had proposed, and the Defendants had agreed to, the use of unclassified substitutions in lieu of the specific classified information the Defendants notified the Government they intended to disclose. The Government advised the Court that it had declassified many of the documents Defendant Sadequee intends to present at trial. As to the

document numbered CLS-2S-000126-000127, which has not been declassified, the Government and Defendant Sadequee have agreed on an unclassified substitution (the "Sadequee Substitution"). Gov't.'s Notice of Filing [467], Exh. B. As to the document numbered CLS-A-000001-000021, which Defendant Ahmed seeks to disclose, the Government and Defendant Ahmed have agreed upon an unclassified substitution (the "Ahmed Substitution"). Gov't.'s Notice of Filing [466], Exh. B. The parties expressly agreed at the conference that no further hearings would be required to determine the authenticity of these materials or the adequacy of the substitutions agreed upon by the parties.

The Court has examined the substitutions presented at the conference, and to which Defendants Ahmed and Sadequee have agreed, and finds they provide the Defendants with substantially the same ability to make their defenses as would the disclosure of the classified information they requested. The Court further finds that Substitutions 1-19 and the Ahmed Substitution and the Sadequee Substitution are authentic. The Court accordingly approves the use of these unclassified substitutions at trial. The parties notified the Court that they reserve any relevancy objections to these unclassified substitutions. These objections, if any, will be raised at trial.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Ahmed Substitution and the Sadequee Substitution are approved as providing the Defendants with substantially the same ability to make their defenses as would disclosure of classified information.

**IT IS HEREBY FURTHER ORDERED** that the Government's Substitutions 1-19 are admitted, subject to relevancy objections which the Defendants may assert at trial.

**IT IS HEREBY FURTHER ORDERED** that the Defendants' Joint Notice of Intent to Seek Declassification [385] and the Government's Motions to Strike the Defendants' Joint Notice of Intent [390, 392, 394, 396] are **DENIED AS MOOT**.

**SO ORDERED** this 14th day of May 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE